IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2019

## STATE OF TENNESSEE v. KEVIN M. THOMPSON a/k/a KEVIN M. ALBERT

**Appeal from the Criminal Court for Hamilton County**
**Nos. 222105, 231805 & 222353       Barry A. Steelman, Judge**

_____

### No. E2018-01596-CCA-R3-CD

_____

The Defendant, Kevin M. Thompson, appeals the trial court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Defendant contends that the trial court erred when it ordered him to serve his sentences concurrently rather than consecutively. *See State v. Kevin Montrell Thompson*, No. E2016-01565-CCA-R3-CD, 2017 WL 262701, at *1 (Tenn. Crim. App., at Knoxville, Jan. 20, 2017), *no Tenn. R. App. P. 11 application filed.* He further contends that his charge for possession of cocaine should be dismissed because the term "crack" cocaine is not included in the relevant statute. He finally asserts that, even if his sentences have expired, he is entitled to contest his illegal sentence at any time. After review, we affirm the trial court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT H. MONTGOMERY, JR., JJ., joined.

Kevin M. Thompson, Ashland, Kentucky, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; and M. Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts

This case arises from the Defendant's convictions for several drug offenses. The relevant history of the Defendant's case was summarized by this court as follows:

In March, 1995, Defendant was indicted by the Hamilton County Grand Jury in case number 205488 and 205489 for the sale and delivery of cocaine on December 29, 1994, and in case number 205561 for the sale and delivery of marijuana on December 30, 1994. We note that, for some unknown reason, there are two cases numbers (205488 and 205489) on a single two-count indictment. We will refer to the charges in that indictment as case number 205489, as reflected in the judgment. On January 17, 1996, Defendant signed a petition to enter guilty pleas to: selling cocaine in an amount less than 0.5 grams in case number 205489, in exchange for an agreed upon sentence of four years to be served consecutive to a prior sentence (in case number 196078); and selling marijuana in case number 205561, in exchange for an agreed upon sentence of "1 year Range I concurrent." Judgments reflect that Defendant pleaded guilty: in case number 205489 to the Class C felony offense of sale of cocaine in an amount less than 0.5 grams and received a sentence of four years to be served consecutive to a prior sentence (in case number 196078); and in case number 205561, Defendant pleaded guilty to the Class E felony offense of selling marijuana and received a sentence of one year. In case number 205561, the judgment is silent as to whether Defendant's sentence should run concurrent with or consecutive to his sentence in case number 205489. Likewise, the judgment in case number 205489 is silent as to whether the sentence is to be served consecutive to, or concurrent with the sentence in case number 205561.

In July, 1998, Defendant was indicted by the Hamilton County Grand Jury in case number 222104, for possession of marijuana on March 18, 1998, with intent to sell; in case number 222105, for possession of 0.5 grams or more of cocaine on March 18, 1998, with intent to sell; and in case number 222353, for possession of 0.5 grams or more of cocaine on January 19, 1998, with intent to sell. In February, 2000, Defendant was indicted in case number 231805 for possession of 0.5 grams or more of cocaine on October 26, 1999, with intent to sell. On June 13, 2000, Defendant signed a petition to enter guilty pleas to: possession of marijuana with intent to sell in case number 231805, in exchange for an agreed upon sentence of two years; possession of cocaine with intent to sell in case number 222105, in exchange for an agreed upon sentence of eight years; possession of cocaine with intent to sell in case number 222353, in exchange for an agreed upon sentence of eight years; and possession of cocaine with intent to sell in case number 231805, in exchange of an agreed upon sentence of eight years. The plea agreement states that "[a]ll sentences are concurrent" and were to be served on intensive probation.

Judgments reflect that Defendant pleaded guilty in case number 222104 to the Class E felony offense of possession of marijuana with intent to sell, and he received a sentence of two years to be served on probation; in case number 222105, Defendant pleaded guilty to the Class B felony offense of possession of cocaine with intent to sell, and he received a sentence of eight years to be served on probation; in case number 222353, Defendant pleaded guilty to the Class B felony offense of possession of cocaine with intent to sell, and he received a sentence of eight years to be served on probation; and in case number 231805, Defendant pleaded guilty to the Class B felony offense of possession of cocaine with intent to sell, and he received a sentence of eight years to be served on probation. All four judgments are silent as to whether Defendant's sentences would run concurrent with or consecutive to each other. An amended judgment was subsequently entered in case number 222104. The only difference between the amended judgment and original judgment that we perceive is that the amended judgment requires Defendant to submit a DNA sample, and there is a slight difference in the amount of fines and the dates of Defendant's pretrial jail credits.

On May 22, 2014, Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentences were illegal because the trial court ordered them to be served concurrently rather than consecutively in direct contravention of Tennessee Rule of Criminal Procedure 32(c)(3) and Tennessee Code Annotated section 40-30-111(b). On June 5, 2014, the trial court summarily denied Defendant's motion because Defendant's "sentences have expired . . ., even if one or more of the sentences were illegal under T.C.A. § 40[-]30[-]11[1](b) or Tenn. R. Crim. P. 32(c)(3)(C), the Court could not find that one or more of them are illegal, as Rule 36.1 requires."

*State v. Kevin M. Thompson a.k.a. Kevin M. Albert*, No. E2014-01358-CCA-R3-CD, 2015 WL 1548852, at *1 (Tenn. Crim. App. Apr. 1, 2015). On appeal, this court reversed the trial court's summary dismissal and remanded the case for further proceedings, holding that Rule 36.1 did "not exempt its applicability to 'expired' sentences and that the Defendant's sentences would not be expired if they ran consecutively. *Id.* at *4. We note that at the time of this decision, the Tennessee Supreme Court had not yet decided *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015) and *State v. Wooden*, 478 S.W.3d 585 (Tenn. 2015).

On December 29, 2015, the trial court entered an order denying the Defendant's

3

Rule 36.1 motion to correct an illegal sentence without a hearing. The trial court reasoned that in light of the then recent decisions of the Tennessee Supreme Court, *Brown*, 479 S.W.3d at 210, and *Wooden*, 478 S.W.3d at 588, the Defendant's Rule 36.1 motion should be dismissed because his sentences had expired. On January 25, 2016, the Defendant filed a motion for reconsideration of the trial court's denial, which the trial court denied on February 1, 2016. On April 21, 2016, the Defendant filed a motion to the trial court to reenter its December 29, 2015 order, claiming that he "had no notice that [the] court had entered a[n] order of judgment." The trial court denied the Defendant's motion on May 9, 2016, reasoning that the Defendant's motion to reconsider filed on January 25, 2016, "belies his present allegation that he did not learn of the disposition of his motion to correct illegally concurrent sentences until February 2016 . . . ." On June 8, 2016, the Defendant filed a notice of appeal of the trial court's denial of his Rule 36.1 motion.

This court affirmed the trial court's judgment on appeal. *Thompson*, 2017 WL 262701, at *1. We held that the Defendant had not timely filed his notice of appeal and that the issues raised on appeal, in consideration with the record as a whole, failed to persuade the court that the interest of justice required this court to excuse the untimely filing of the notice of appeal. *Id.* at *3.

On July 9, 2018, the Defendant then filed another Rule 36.1 motion. In it, he alleged that his charge for possession of cocaine for resale should be dismissed because the term "crack" cocaine is not in the relevant statute. He further made an obscure contention regarding the applicable sentencing ranges.

The trial court held that on November 10, 2009, the Petitioner had been transferred from supervised to unsupervised probation for the balance of his sentences, which would have expired January 14, 2012. The trial court held that the Defendant's sentences had, therefore, expired. It further held that, even had they not expired, the Defendant's sentences were not illegal.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it denied his motion to correct an illegal sentence. He asserts that, despite the holding in *Brown*, he should be able to appeal an illegal sentence "at any time." He further asserted that he is factually innocent of the offenses for which he was convicted and that he is actually innocent of the charges to which he pleaded guilty, making his conviction illegal. The State counters first that the Petitioner's notice of appeal is, again, untimely. It further

4

contends that his sentences have expired.

Tennessee Rule of Criminal Procedure 36.1 ("Rule 36.1") provides an avenue to seek correction of an illegal sentence:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

> (2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

> (3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

> (4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material

component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1.

Importantly, Rule 36.1 was recently amended effective on July 1, 2016. "The former version of subdivision (a) provided that a motion to correct an illegal sentence could be filed 'at any time.' Subdivision (a) is amended to clarify that such motions must be filed before the defendant's sentence expires . . . ." Tenn. R. Crim. P. 36.1 cmt. (2016).

Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id*. Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id*. In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id*. The court held that only fatal errors render sentences illegal. *Id*. A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

In the case under submission, we conclude that, whether or not the appeal was timely filed, the record clearly evinces that the Defendant's sentences have expired. The petitioner cannot obtain relief from the sentence that expired in 2012. *See* Tenn. R. Crim. P. 36.1 ("Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires."); *see also Brown*, 479 S.W.3d at 211 (holding that "Rule 36.1 does not authorize relief from expired illegal sentences"). Even without this bar, however, the Defendant would not be entitled to relief under the rule because, as the trial court held, his indictments were valid. He has, therefore, not presented a colorable claim for relief under Rule 36.1.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE